```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                     5:09CV55-02-MU
```

EDWARD MONROE LITTLE,        )
                             )
    Plaintiff,             )
                             )
      v.                    )
                             )
JASON COY REID, Officer      )
  employed with the Maid-)
  en Police Department,     )
                             )
    Defendants.            )
_____)

    **THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. § 1983, filed in the Middle District of Pennsylvania on December 22, 2008; transferred to this District by Order filed April 9, 2009. For the reasons stated herein, the instant action will be <u>denied</u> and <u>dismissed</u>.

    By his Complaint, Plaintiff merely sets forth the nonsensical allegation that Defendant Reid "affected [his] false imprisonment on charges for a life sentence without probable cause to do so." By way of relief, Plaintiff seeks millions of dollars in compensatory and punitive damages. Notwithstanding his apparent belief to the contrary, however, Plaintiff's Complaint must be <u>dismissed</u> in its entirety.

    Indeed, it is well settled that to survive a review for factual frivolity, a plaintiff proceeding <u>in forma pauperis</u>, as in this case, cannot rely merely upon "conclusory allegations"

Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996), citing White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989). To put it another way, a plaintiff "must present more than naked allegations" to survive dismissal. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Consequently, Plaintiff's Complaint must be rejected for its utter failure to state a cognizable claim for relief under § 1983.

Moreover, to the extent that Plaintiff's allegation suggests a claim which sounds in habeas, that is, a claim which implicates the constitutionality of his conviction, the law equally is clear that in order to obtain damages for any such violation, Plaintiff first would have to establish that the resulting conviction and sentence has been reversed, expunged, declared invalid by a tribunal which has the authority to make such a determination, or otherwise has been called into question by the issuance of a federal writ of habeas corpus in favor of Plaintiff. Heck v. Humphrey, 512 U.S. 477 (1994). To put it another way, causes of action which seek monetary damages on the basis of a conviction or sentence, and which raise challenges that necessarily would implicate the validity of the underlying conviction and/or sentence do not accrue until such conviction or sentence has been reversed, expunged or declared invalid. See Brooks v. City of Winston Salem, 85 F.3d 173, 181 (4th cir. 1996).

Accordingly, inasmuch as Plaintiff does not allege that his

2

criminal conviction has been invalidated, the Court finds that he is not entitled to proceed with this action for damages on a theory that he somehow was falsely imprisoned without probable cause for his arrest. Therefore, this action will be dismissed.

**NOW, THEREFORE, IT IS ORDERED that** Plaintiff's Complaint is **DENIED and DISMISSED**. See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: May 19, 2009

Graham C. Mullen
United States District Judge

3