```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV55-02-MU
```

```
EDWARD MONROE LITTLE,      )
                           )
     Plaintiff,            )
                           )
        v.                 )
                           )
JASON COY REID, Officer    )
  employed with the Maid-  )
  en Police Department,    )
                           )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration, filed June 10, 2009 (Doc. No. 21).

The record of this matter reflects that on April 9, 2009, Plaintiff's civil rights Complaint under 42 U.S.C. § 1983, was transferred to this Court from the Middle District of Pennsylvania. Upon this Court's review, it was determined that Plaintiff's Complaint for money damages -- which stated only that Defendant Reid had "affected [his] false imprisonment on charges for a life sentence without probable cause to do so" -- failed to state a constitutional claim for relief and, in any event, was barred to the extent that it sounded in habeas. Thus, by an Order filed May 19, 2009, the Court dismissed Plaintiff's Complaint.

Thereafter, Plaintiff filed the instant Motion for Recon-

sideration essentially arguing that he is not barred, under Heck v. Humphrey, 512 U.S. 477 (1994) from seeking monetary relief for the first days of his detention up until the date on which he was arraigned. Even assuming the accuracy of Plaintiff's construction of the law, the Court still is left with the conclusion that Plaintiff's allegation fell far short of stating a federal constitutional claim for false imprisonment or otherwise. Finally, even if Plaintiff had alleged sufficient facts to state a claim for false imprisonment, that claim, standing alone, is not cognizable in federal court. See generally Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 329 (4th Cir. 2009)(noting that allegation of false imprisonment is a state law claim).

Ultimately, the Court finds that Plaintiff has failed to set forth any basis for the Court to disturb its earlier decision to dismiss his Complaint. Accordingly, the instant Motion is **DENIED.**

**SO ORDERED.**

Signed: August 11, 2010

Graham C. Mullen
United States District Judge

2